UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE MONROE, o/b/o J.M.,

Plaintiff,

v.

CASE No. 8:07-CV-2113-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments on behalf of her young son.[*] Because the plaintiff has failed to demonstrate any reversible error, the decision will be affirmed.

I.

Johnny Joe Monroe, III, was born on May 25, 2000, and was seven years old at the time of the administrative hearing (Tr. 86). The plaintiff, who is the child's mother, has filed a claim for supplemental

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

security income. She alleges that the child is disabled due to behavior and speech problems (Tr. 97). The claim was denied initially and upon reconsideration.

The child's mother, at her request, then received a <u>de</u> <u>novo</u> hearing before an administrative law judge. Following the hearing, the law judge found that the child suffers from severe impairments of speech and language delay and attention deficit hyperactive disorder (ADHD) (Tr. 14). The law judge concluded, however, that the child does not have an impairment which meets, or equals, "the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1" (Tr. 15). The law judge also found that "the claimant does not have an impairment or combination of impairments that functionally equals the listings" (<u>id</u>.). The law judge, therefore, determined that the child was not disabled (Tr. 21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In 1996, the Social Security Act was amended with respect to eligibility for child's disability benefits. As amended, the Act now provides (42 U.S.C. 1382c(a)(3)(C)(i)):

> An individual under the age of 18 shall be considered disabled ... if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

The Commissioner subsequently issued regulations explaining how this provision would be implemented in determining whether a child is disabled. See 20 C.F.R. 416.924.

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. 416.924(a). The first step is to determine whether the child is actually working at substantial gainful activity. 20 C.F.R. 416.924(b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. 416.924(c). If he does not, the child is considered not disabled. Id. If there is a severe impairment, the third, and final, step in the analysis is to determine whether the child has an impairment that meets, medically equals, or functionally equals, a set of criteria in the Listing of Impairments in Appendix 1. 20 C.F.R. 416.924(d). If the child does, then he is deemed disabled. 20

C.F.R. 416.924(d)(1). If he does not, then he will be found not disabled. 20 C.F.R. 416.924(d)(2).

As with claims by adults, a determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff in her claim alleged that her son is disabled due to speech delay and attention deficit hyperactivity disorder. However, on August 3, 2007, a law judge issued a decision denying benefits (Doc. 21). The plaintiff represents that, thereafter, she filed a new application and the Commissioner awarded benefits (Doc. 19, p. 8). Thus, the plaintiff seeks an award for the period of August 2005 through August 2007 (id.). Notably, there is nothing in the record concerning the new application or the basis for an award of benefits. Consequently, the plaintiff's representation about an award of benefits does not bolster the plaintiff's claim in this case.

The only argument that the plaintiff has acceptably articulated is that the child meets, or medically equals, an impairment listed in Appendix 1. See 20 C.F.R. Part 404, Subpart P, App. 1. Thus, there is no argument developed that the child functionally equals a listing. Moreover, the plaintiff quotes just the listing for attention deficit hyperactivity disorder, and does not assert that the child's speech condition meets, or equals, a listing.

"When a claimant contends that he has an impairment meeting the listed impairments, the burden is on the claimant to present specific medical findings that meet the various tests listed under the description of the applicable impairment, or, if in the alternative, he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present evidence which describes how the impairment has such an equivalency." Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). The plaintiff has failed to make the required showing.

The plaintiff argues that the claimant meets listing 112.11, which states:

> Attention Deficit Hyperactivity Disorder: Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity.

> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
> A. Medically documented findings of all three of the following:
>
> 1. Marked inattention; and
> 2. Marked impulsiveness; and
> 3. Marked hyperactivity;
>
> AND
>
> B. ... For children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

Listing 112.02(B)(2), in turn, requires a showing of at least two of the following:

> a. Marked impairment in age-appropriate cognitive/ communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
>
> b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is

needed and available) and including, if necessary, the results of appropriate standardized tests; or

c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or

d. Marked difficulties in maintaining concentration, persistence, or pace.

To meet listing 112.11, a claimant has the burden to show his impairments meet both 112.11A *and* B. The plaintiff argues only that her son meets Part B of listing 112.11 (*i.e.*, the claimant meets (a) and (d) of listing 112.02(B)(2)) (Doc. 19, pp. 6-7). She has not attempted to show that he meets part A of this listing. As indicated, listing 112.11(A) requires that the claimant have medically documented findings of marked inattention, marked impulsiveness, and marked hyperactivity. The plaintiff does not even mention this specified criteria for part A. She certainly has not made the required showing. See Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986).

Significantly, the plaintiff was warned in the scheduling Order that she had to "identify with particularity the discrete grounds upon which the administrative decision is being challenged," that the grounds "must be

supported by citations to the record of the pertinent facts," and that the failure to do so could cause her argument to be disregarded (Doc. 13, p. 2). Particularly in light of this warning, the plaintiff's failure to specify the evidence that she contends meets part A of listing 112.11 is fatal to this argument.

Furthermore, the plaintiff has not even made an adequate showing of the two criteria of Part B that she asserts are met: marked impairment in age-appropriate cognitive/communicative function and marked difficulties in maintaining concentration, persistence, or pace. The plaintiff's general assertions regarding evidence in the record are not sufficient (see Doc. 19, pp. 6-8). The plaintiff makes no specific citation to the evidence.

Moreover, the record demonstrates that the two problems upon which the plaintiff relies have improved. Thus, the child's speech problem has improved substantially due to speech therapy (Tr. 223-24). Further, his attention deficit hyperactivity disorder has improved with medication (Tr. 169, 173). Particularly, under these circumstances, the plaintiff's general references to the record are not sufficient to compel a finding that the child meets Part B of listing 112.11.

Importantly, no treating or examining medical source has opined that the child meets, or medically equals, the criteria of listing 112.11. In addition, two nonexamining reviewing medical sources, one a psychologist and one a pediatrician from Yale University medical school, have concluded that he does not meet, or medically equal, the criteria (Tr. 144, 155). The record therefore contains substantial evidence supporting the law judge's finding that the plaintiff does not meet, or medically equal, an Appendix 1 listing (Tr. 15). The plaintiff clearly has failed to show that the evidence compels the contrary finding.

If a child does not meet, or medically equal, a listing, a plaintiff can nevertheless demonstrate a disability by showing that the child functionally equals a listed impairment. 20 C.F.R. 416.926a. Functional equivalence can be established by demonstrating that the child has a marked limitation in at least two of six domains of functioning or an extreme limitation in one such domain. 20 C.F.R. 416.926a(a). A marked limitation is one that interferes seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. 416.926a(e)(2)(i). It means a limitation that is more than moderate, but less than extreme. Id. An extreme limitation, which is the rating given to the worst limitations, is one

that interferes very seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. 416.926a(e)(3)(i). The six domains of functioning are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) health and physical well-being. 20 C.F.R. 416.926a(b)(1).

The law judge concluded that the child has a marked limitation in the domain of acquiring and using information (Tr. 17). He also determined that the plaintiff has less than marked limitations in attending and completing tasks and in interacting and relating with others (Tr. 18). The law judge found no limitations in the other three domains (id.). The law judge therefore concluded that the claimant had failed to establish disability by showing the functional equivalence of a listing (Tr. 21).

The law judge's findings are supported by the evaluation of the pediatrician from the Yale University medical school (Tr. 155-59), as well as by the opinion of the reviewing psychologist (although one page of his evaluation form is missing)(Tr. 144-49). There are no opinions from a treating or examining medical source that opines that the plaintiff has the

signs and symptoms in the six domains that are needed to establish the functional equivalent of a listing.

The plaintiff makes no meaningful argument that the child has the functional equivalent of a listing. Notably, the plaintiff does not even mention the six domains of functioning. Indeed, she does not use the term "functionally equal" or any variation thereof. More significantly, the plaintiff does not develop any argument attempting to show by citation to the evidence in the record that in any of the five domains that the law judge found that the child did not have a marked or extreme limitation that, in fact, the child did have such a limitation. At most, she seems to inappropriately conflate comments about listing 112.11 and matters relating to the six domains of functioning. In all events, she does not identify any specific domain, set forth the criteria for that domain, and then point to evidence in the record compelling a finding that, in light of the domain's criteria, the child has a marked or extreme limitation in that domain. Consequently, if the plaintiff intended to assert a claim of functional equivalence, the claim fails.

For these reasons, the plaintiff has not carried her burden to show that the child meets, medically equals, or functionally equals, an

Appendix 1 listing. Therefore, under the Commissioner's sequential analysis for child's disability benefits, the child was properly found to be not disabled.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby **AFFIRMED.** The Clerk is directed to enter judgment accordingly and to **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 6th day of January, 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE